*230 OPINION.
Teammell: The taxpayer in this case relies upon the principle that the surplus appearing on its books should not be disturbed for the purpose of determining invested capital in the absence of affirmative evidence that its books are not correct. This principle has been established by the Board in the Appeal of Cleveland Home Brewing Co., 1 B. T. A. 87, and followed in the Appeal of the Russell Milling Co., 1 B. T. A. 194. The books of the taxpayer will be accepted as reflecting the true earned surplus unless the Board has before it affirmative evidence which would warrant it in finding as a fact that the surplus is not correctly reflected thereon. The appraisal which was submitted by the taxpayer in this case corroborates the presumption that its books were correct. While the appraisal was based upon replacement cost of the assets new and the values shown thereby can not therefore be accepted for establishing values for invested capital purposes, it is shown in the said appraisal that the value of the said assets was 88.4 per cent of the replacement cost new. The books of the taxpayer indicate that the assets actually on hand as of December 31,1914, approximately six months before the appraisal, were of the value of 88.7 per cent of the cost price thereof. This would indicate that the depreciation actually charged off on the books of the taxpayer and the depreciation which had been actually sustained were substantially the same. The books of the taxpayer are therefore held to reflect its true earned surplus.
It is clear, however, that if the taxpayer’s evidence as to the value of its property as of May 31, 1915, in its then depreciated condition is to be accepted as confirming its balance sheet values as of December 31, 1917, for the purpose of invested capital in 1918, the total deduction for repairs and depreciation in 1918, in the absence of evidence to the contrary, is excessive.
In the absence of affirmative evidence that the assets sustained a greater depreciation in 1918 than in the years prior to the appraisal as indicated thereby, we are of the opinion that the depreciation established in the appraisal should be applied to the year 1918.